# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANNETTE MARIE DICICCO, also known as Annette Marie Reynolds,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-283-2

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Annette Marie Dicicco challenges the 24-month sentence imposed following revocation of her supervised release. She claims: the court did not adequately explain the reasons for its sentence; and the sentence is unreasonable. Revocation sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-31392

To determine whether a sentence is plainly unreasonable, our court first evaluates whether the district court committed a "significant procedural error, such as failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines [sentencing] range". *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted). Because Dicicco did not object to the adequacy of the court's explanation for the sentence, the standard of review is limited to plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Along that line, the requisite "clear" or "obvious" error is lacking.

The court acknowledged the nature of Dicicco's supervised release violations and considered defense counsel's argument, in which counsel discussed Dicicco's circumstances and requested leniency. The court's explanation reflects an implicit consideration of the relevant sentencing considerations of § 3553(a), which include "the history and characteristics of the defendant", as well as the need to promote respect for the law and adequately deter criminal conduct. *See* § 3553(a)(1), (2)(A)-(B). The court considered the relevant sentencing factors; therefore, its explanation was sufficient to explain the above-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Regarding the second step under the "plainly unreasonableness" standard, Dicicco challenges the reasonableness of her sentence. Along that line, the court implicitly based its sentencing determination on the relevant sentencing factors of § 3553(a). Although, as the court acknowledged, the sentence was outside the advisory Guidelines sentencing range of three to nine

No. 14-31392

months, its weighing of the sentencing factors of § 3553(a) is entitled to deference. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating a reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance"). Moreover, a revocation sentence of 24-months of imprisonment was permitted by statute. *See* 18 U.S.C. § 3583(e)(3). Our court has routinely affirmed revocation sentences like Dicicco's, that are above the advisory range, but do not exceed the statutory maximum. *See Warren*, 720 F.3d at 332 (collecting cases).

AFFIRMED.